IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02688-BNB

REGINALD S. CARR,

    Applicant,

v.

WARDEN BLAKE R. DAVIS,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO SHOW CAUSE

Applicant, Reginald S. Carr, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Carr initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 30, 2009, Mr. Carr filed on the proper form an amended habeas corpus application pursuant to § 2241. Mr. Carr is challenging the validity of his conviction from the United States District Court for the Eastern District of Missouri.

The court must construe the amended application liberally because Mr. Carr is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carr will be ordered to show cause why the action should not be dismissed.

As noted above, Mr. Carr is challenging the validity of his conviction. He specifically claims that he was convicted in violation of his constitutional rights because DNA evidence that proves he is not guilty was not produced by the prosecution.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Carr fails to demonstrate or even allege that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. Therefore, Mr.

2

Carr will be ordered to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him pursuant to § 2255 in the sentencing court. Accordingly, it is

ORDERED that Mr. Carr show cause in writing **within thirty (30) days from the date of this order** why this action should not be dismissed for the reasons stated in this order. It is

FURTHER ORDERED that if Mr. Carr fails to show cause to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED December 3, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02688-BNB

Reginald S. Carr
Reg No. 23755-044
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/3/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk