IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02688-BNB

REGINALD S. CARR,
    Applicant,

v.

WARDEN BLAKE R. DAVIS,
    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Reginald S. Carr initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 30, 2009, Mr. Carr filed an amended application on the proper form. Mr. Carr is challenging the validity of his conviction in the United States District Court for the Eastern District of Missouri. On December 3, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Carr to show cause why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On January 6, 2010, Mr. Carr filed his response to Magistrate Judge Boland's show cause order.

The Court must construe the amended application and Mr. Carr's response to Magistrate Judge Boland's show cause order liberally because Mr. Carr is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Carr was convicted in the Eastern District of Missouri of first degree murder on federal property. **See United States v. Carr**, 67 F.3d 171 (8th Cir. 1995), **cert. denied**, 516 U.S. 1182 (1996). He claims in this action that he was convicted in violation of his constitutional rights because the prosecution suppressed DNA evidence that proves he is not guilty.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." **Id**. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Magistrate Judge Boland ordered Mr. Carr to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him pursuant to § 2255. The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001). Even if Mr. Carr has been denied relief in the sentencing court, that fact alone would not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The substantive and procedural barriers to obtaining relief pursuant to § 2255 motion, by themselves, also do not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178 (citing *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)).

Mr. Carr fails in his response to Magistrate Judge Boland's show cause order to present any reasoned argument demonstrating that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective. Instead, Mr. Carr argues primarily that his suppressed evidence claim has merit. However, even if the claim has merit, that fact alone does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective.

Construing Mr. Carr's response to Magistrate Judge Boland's show cause order liberally, he may be arguing that the remedy provided in § 2255 is inadequate or ineffective because the suppressed DNA evidence is newly discovered evidence, although he does not allege when he discovered the suppressed DNA evidence or why he was unable to discover that evidence previously. Assuming Mr. Carr is raising such an argument, the Court rejects the argument because the barriers to filing a § 2255 motion contain exceptions for newly discovered evidence. If Mr. Carr has not already filed a § 2255 motion, § 2255(f)(4) provides that the one-year limitation period for filing a § 2255 motion does not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." If Mr. Carr has filed a § 2255 motion previously, § 2255(h)(1) authorizes the filing of a second or successive motion based on newly discovered evidence in certain circumstances. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02688-BNB

Reginald S. Carr
Reg No. 23755-044
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk